**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AT CHARLESTON**

| | |
|---|---|
| **Emory W. Roberts, Jr., #2016003071,** ) | Case No. 2:17-cv-177-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Sheriff Dwayne Lewis, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

This is a civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee incarcerated at Hill Finklea Detention Center located in Moncks Corner, South Carolina. Plaintiff is proceeding *pro se* and *in forma pauperis*. After three proper form orders, this case is now in proper form. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint (DE# 1), as amended (DE# 1-3), should be **summarily dismissed**, without prejudice, and without issuance and service of process, for the following reasons:

**I. The Present Lawsuit**

    **A. Parties**

Plaintiff is a pretrial detainee with currently pending state criminal charges. On January 19, 2017, Plaintiff filed a Complaint in federal court under 42 U.S.C. § 1983. (DE# 1, totalling 25 pages with attachments). On February 16, 2017, Plaintiff indicated he wished to amend his Complaint in order to add a defendant (Davis Schwacke, Public Defender), but otherwise made no

other changes to his Complaint. (DE# 1-3).[1] Plaintiff sues the following twelve defendants: (1) Sheriff Dwayne Lewis ; 2) Director Randy Demory; 3) Captain Phyall; 4) S/A Justin Wingo; 5) CO D. Wilson; 6) CO Harvey; 7) CO Ravenell; 8) Corpral (sic) Carroll; 9) Sgt. Dobbs; 10) Sgt. Samuel; 11) CO Green (Intake/Admissions); and 12) Davis P. Schwacke (Public Defender). Plaintiff indicates that he is suing the Defendants in their official and individual capacities. (*Id.* at 3-4, ¶ I(B)).

### B. The Complaint's Allegations

Plaintiff's Complaint consists largely of a list of conclusory generalized statements against all the defendants collectively. Liberally construed, the gist of the Complaint is that Plaintiff is complaining that unspecified officers illegally searched his home without a warrant, arrested him, and seized unspecified property. (DE# 1 at 6). Plaintiff contends that they invaded his "privacy in violation of my 4th Amendment rights to the Constitution," and that by arresting him, they "unlawfully imprisoned/kidnapped" him. (*Id.*). He complains that upon arrest, he "was denied screening/right to counsel," but (inconsistently) indicates he wishes to sue his public defender for unspecified reasons. (DE# 1-3). Plaintiff also complains that his grievances were ignored or were not successful. (*Id.* at 6, 9).

The pre-printed complaint form asks the Plaintiff "what federal constitutional or statutory rights do you claim are being violated by state or local officials?" (DE# 1 at 7). Plaintiff responded as follows (verbatim): "(Article IV. Searches and Seizures)(Article V. Rights of Accused in Criminal Proceedings; Due process; Eminent domain)(8th Amendment, Cruel and Unusual Punishment, right to bail, unlawful incarceration, right to counsel) 4th, 5th, 6th, 8th, 14th Amendments Illegally Detained, Unlawfully Imprisoned, Kidnapping." (*Id.*, ¶ II (B)).

---

[1] Hereinafter, the Complaint and attached amendment will be referred to as "the Complaint."

When asked to "explain how each defendant acted under color of state or local law, Plaintiff responded: "S/A Justin Wingo did raid my home and arrest & seize me without search warrant or arrest warrant. Dwayne Lewis unlawfully imprisoned myself without commitment warrant, Randy Demory & Phyall (Captain and Director) aided & abetted this action. Plaintiff makes no specific factual allegations against any other Defendants.

For "injuries," Plaintiff lists the following: "paranoid (N/A medically), pain and suffering, lost wages, mental anguish, defamation of character, becoming/rendered absentee father to my children, lost all of my belongings/property, lost my job, and means of support for my children." *Id*., ¶ V).

For relief, the Plaintiff does not indicate any amount of damages and indicates that these are "to be determined at a later time once I've had time to consult with a lawyer." (DE# 1 at 10, ¶ VI "Relief"). The Plaintiff additionally states "I would like to be released." (*Id*.). In a subsequent letter to the Court, the Plaintiff indicates he wants "$7.5 million dollars in damages." (DE# 5).

## II. Relevant Law

### A. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

As the *pro se* Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies to this case. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible

abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### B. The PLRA's 3-Strike Provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391, 404 (4th Cir. 2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, Plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610. Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

### III.  Discussion

Review of the present Complaint reflects multiple reasons why summary dismissal is appropriate.

#### A.  Civil Actions Under 42 U.S.C. § 1983, Failure to State a Claim

A civil action pursuant to 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The United States Supreme Court has repeatedly instructed

that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009)).

The present Complaint, as amended, fails to meet this minimal pleading standard for a variety of reasons. Review of the record reflects that, even with liberal construction, Plaintiff has not plausibly alleged any specific facts indicating how each Defendant allegedly violated his constitutional rights. Plaintiff's allegations are generalized and conclusory, and for the most part, refer to the Defendants collectively without stating any specific acts by each Defendant. A plaintiff must allege that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability under section 1983"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011); *Faltas v. South Carolina*, 2012 WL 988105 (D.S.C.), *adopted by* 2012 WL 988083 (D.S.C.), *aff'd by* 489 F.App'x 720 (4th Cir. 2012) (same). The Complaint lists numerous defendants against whom Plaintiff provides no specific factual allegations. Moreover, to the extent Plaintiff may be attempting to sue any supervisors without alleging any personal acts by them, it is well settled that *respondeat superior* is not applicable in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Although Plaintiff complains that his 4th Amendment rights were allegedly violated, such statement is conclusory and devoid of supporting facts. Plaintiff also lists eminent domain, cruel and unusual punishment under the 8th Amendment, and the "right to bail" as constitutional violations, but his Complaint fails to set forth any facts suggesting how such list has anything to

do with this case. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. To the extent Plaintiff alleges in conclusory fashion that he was "defamed," he fails to allege any statements of any kind, who made them, or any other relevant facts. In any event, an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 697–710 (1976).

Plaintiff generally alleges that he was "deprived of property." If Plaintiff is referring to some unspecified tangible property, the Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1. However, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In South Carolina, a prisoner may bring a state action for recovery of personal property against officials who deprive the prisoner of property without state authorization. See S.C. Code Ann. § 15-69-10. The Fourth Circuit Court of Appeals has held that such state law provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Bogart v. Chapell*, 396 F.3d 548, 561 (4th Cir. 2005)(citing *Hudson*, 468 U.S. at 533); *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (same). Plaintiff has an adequate state remedy available to address the alleged loss of any property, and thus, this due process claim is subject to summary dismissal.

The Complaint also fails to state a claim in other ways. For example, Plaintiff seeks to sue his public defender David Schwacke in advance of trial, contending in conclusory fashion that he has been denied his right to counsel. Plaintiff may not sue his counsel under §1983. "It is well established that attorneys are not state officers, but private persons, for the purpose of the Civil

Rights Act." *Kashelkar v. Rubin & Rothman*, 97 F.Supp.2d 383, 390 (S.D.N.Y.)), *aff'd*, 1 F.App'x 7 (2d Cir. 2001), *cert. denied*, 534 U.S. 896 (2001); *see also, e.g., Rogers v. City of West Columbia*, Case No. 8:06-3058-MBS-BHH, 2007 WL 2332465, *5-6 (D.S.C. Aug. 13, 2007) (same). Defense counsel, including a public defender, does not act under color of state law when representing a criminal defendant. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156, n.2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982); *Polk County v. Dodson*, 454 U.S. 312, 317-324, n. 8-16 (1981). Therefore, Plaintiff's Complaint fails to state a claim under § 1983 against David Schwacke (public defender). Even with liberal construction, the present Complaint fails to state a plausible claim for relief, and therefore summary dismissal is appropriate.

### B. Abstention Under *Younger v. Harris*

Review of the Amended Complaint reflects additional reasons for summary dismissal of this § 1983 action. Plaintiff appears to be attempting to interfere with his pending state prosecution. For example, he refers to his alleged "right to bail" and demands release from custody. However, the United States Supreme Court has repeatedly emphasized the "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 44 (1971); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982) (reiterating that federal courts should abstain from interfering with ongoing state proceedings). Abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 432).

Plaintiff's Complaint indicates that state criminal charges are currently pending against him, so the first criteria (i.e. an ongoing state prosecution) is satisfied. The United States Supreme Court has addressed the second criteria, explaining that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). As for the third criteria, courts have repeatedly held that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996), *cert. denied*, 517 U.S. 1220 (1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)); *and see, e.g., Gray v. Lancaster Cty. Sheriff's Dept.*, Case No. 08–4097–HFF–JRM, 2008 WL 4441937, *1-2 (D.S.C. Sept. 29, 2008) (observing in *pro se* § 1983 case that "the *Younger* doctrine prevents the Court from interfering with pending state criminal proceedings absent extraordinary circumstances"); *VanDerHorst v. Egger,* Case No. 0:10–1537–SB–PJG, 2010 WL 3399165, *3-4 (D.S.C. July 2, 2010), *adopted by* 2010 WL 3399162 (D.S.C. Aug. 25, 2010) (same, summarily dismissing *pro se* plaintiff's § 1983 suit in light of pending state prosecution). The present Complaint indicates no proper basis for this federal court to interfere in Plaintiff's pending state prosecution.[2]

### C. <u>The Requested Relief is Unavailable</u>

Plaintiff demands $7,500,000.00 in monetary damages, as well as release from custody. However, he may not obtain release from custody by means of a §1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled

---

[2] In the ongoing state prosecution, Plaintiff will have an opportunity to raise the issue of alleged violation of his 4th Amendment rights by bringing an appropriate motion regarding the validity of the search and seizure.

to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Griffin v. Baltimore Police Dept.*, 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement). Release from custody is simply not an available remedy under 42 U.S.C. § 1983. *See, e.g., Cole v. White*, Case No. 2:16-cv-3548-RMG-MGB, 2017 WL 746385, 4 (D.S.C. February 2, 2017) ("Plaintiff cannot sue the Defendants based on their involvement in his prosecution and conviction in an attempt to obtain release from prison."); *Tyler v. South Carolina,* Case No. 9:12–260–RMG–BM, 2012 WL 988601 (D.S.C. Feb. 22, 2012), *adopted by*, 2012 WL 988596 (D.S.C. Mar. 22, 2012) (same).

Damages for allegedly unconstitutional conviction or imprisonment are also unavailable here. Plaintiff has not even gone to trial yet on his pending criminal charges, much less been convicted. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court explained:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. Plaintiff cannot show that his conviction or sentence has been invalidated or called into question. *Id.* Because Plaintiff seeks relief that is unavailable, the present case is subject to summary dismissal as to all Defendants. *See e.g., Deleston v. U.S. Dept. of Justice*, 2010 WL 6872294, *3 (D.S.C. March 15, 2010) (summarily dismissing civil action attempting to obtain

release from prison), *adopted by,* 2011 WL 269317 (D.S.C. July 11, 2011), *aff'd by*, 451 F.App'x 285 (4th Cir. Oct. 21, 2011).

### D. 11th Amendment Sovereign Immunity for Official Capacity Claims

Plaintiff is also attempting to obtain monetary damages from Defendants protected by immunity. In his Complaint, Plaintiff indicates that he is suing the Defendants in their official capacities. (DE# 1 at 3-4, ¶ I(B)). To the extent Plaintiff seeks monetary damages from state officials in their official capacity, such Defendants are immune from such relief under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *see also, e.g., Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *Ransom v. Lawrence*, Case No. 6:12–3141–JFA–KFM, 2013 WL 4523588, *4 (D.S.C. Aug. 26, 2013); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013). Based on sovereign immunity, any state officials sued in their official capacities must be dismissed as parties.

### E. No Constitutional Right to Grievance Procedure

Finally, although Plaintiff complains that his grievances were ignored or were not successful, inmates do not have a constitutionally protected right in a grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). "Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Brown v. Clarke*, 2016 WL 4544548 (W.D.Va. Aug. 31, 2016). Therefore, the Complaint fails to state a claim under § 1983 against the Defendants based on their responses to Plaintiff's grievances. *See e.g., Brown v. Va.*

*Dep't Corr.*, Case No. 6:07cv33, 2009 WL 87459, *13 (W.D.Va. Jan. 9, 2009); *Brooks v. Beard*, 167 F.App'x 923, 925 (3d Cir. 2006) (allegations that prison officials responded inappropriately to inmate's grievances does not establish any involvement of those officials in the alleged underlying deprivation; dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)). Plaintiff's generalized claim that the Defendants ignored his grievances is not cognizable under § 1983. *See Charles v. Nance*, 186 F.App'x 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate a grievance "fails to assert a due process violation"); *Sweat v. Rennick*, Case No. 9:11-cv-2908-JMC-BM, 2012 WL 1358721, *2 (D.S.C. Feb. 7, 2012) (summarily dismissing because "Plaintiff's complaint that this Defendant has not properly investigated his claims ... fails to set forth a claim for a violation of a constitutional right."), *adopted by*, 2012 WL 1358654 (D.S.C. Apr. 19, 2012).

## IV.  Conclusion

In sum, the Complaint is subject to summary dismissal because it: 1) fails to state a plausible claim under § 1983 for multiple reasons (including that Plaintiff's allegations are conclusory and generalized; the public defender was not a "state actor" for purposes of § 1983; Plaintiff may not sue under a theory of *respondeat superior*; alleged defamation is not actionable under §1983; and Plaintiff has no constitutional right to a grievance process); 2) attempts to sue state officials in their official capacity, which is barred by Eleventh Amendment immunity; 3) attempts to interfere with a pending state prosecution, which is barred by *Younger v. Harris*; and 4) seeks relief (including release from custody) that is not available in this § 1983 action. As the Complaint "fails to state a claim on which relief may be granted" and "seeks monetary relief against a defendant who is immune from such relief," the Complaint is subject to summary dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).

## V. Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) should be **summarily dismissed** without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

March 3, 2017
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).