# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Emory W. Roberts, Jr., #2016003071, ) | Civil Action No. 2:17-177-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Sheriff Dwayne Lewis, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of the complaint. For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses the complaint without prejudice.

## I. Background

Plaintiff is a pretrial detainee with currently pending state criminal charges. Although he avoids mention of the charges against him, public records show that he is held at the Berkeley County detention center on charges of heroin trafficking. On January 19, 2017, he filed the present action under 42 U.S.C. § 1983, suing Sheriff Dwayne Lewis, Director Randy Demory, Captain Phyall, S/A Justin Wingo, CO D. Wilson; 6) CO Harvey; 7) CO Ravenell, 8) Corpral (*sic*) Carroll, 9) Sgt. Dobbs, 10) Sgt. Samuel; 11) CO Green (Intake/Admissions), and 12) Davis P. Schwacke (Public Defender), in their official and individual capacities. Plaintiff complains that officers illegally searched his home without a warrant, arrested him without a warrant,[1] and seized

---

[1] The arrest warrant for Plaintiff and an indictment charging him with trafficking in heroin, distributing heroin, possession of a firearm while trafficking in heroin, and possession with intent to distribute methamphetamine are filed in Plaintiff's currently pending habeas action, which complains of the same arrest and pending prosecution as this § 1983 action. *See Robert v. Lewis*, Civ. No. 2:17-453-RMG-MGB, Dkt. Nos. 15-1 & 15-2.

unspecified property. He also claims he was denied the right to counsel, even though he also sues his appointed public defender for unspecified reasons. Plaintiff alleges, "S/A Justin Wingo did raid my home and arrest & seize me without search warrant or arrest warrant. Dwayne Lewis unlawfully imprisoned myself without commitment warrant, Randy Demory & Phyall (Captain and Director) aided & abetted this action." Plaintiff makes no specific factual allegations against any other Defendants. For relief, Plaintiff seeks $7.5 million in damages and release from custody.

On March 3, 2017, the Magistrate Judge recommended summary dismissal without service of process. Plaintiff has filed no objections to the Report and Recommendation.

## II.  Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### III. Discussion

As fully set forth by the Magistrate Judge in the Report and Recommendation, the complaint is subject to summary dismissal for a great many reasons. Plaintiff names several Defendants against whom he makes no specific factual allegations. Plaintiff claims his Fourth Amendment rights were violated, but alleges no facts supporting that claim—the mere fact that he was arrested for trafficking in heroin, without more, is insufficient to state a claim for a Fourth Amendment violation. Plaintiff complains that his property was seized without stating what property was seized; much less why South Carolina's post-deprivation remedies are inadequate. Plaintiff cannot sue his own counsel under § 1983. Plaintiff is clearly attempting to interfere with his pending state prosecution for trafficking in heroin, alleging that his "right to bail" has been violated and demanding release from custody, but federal courts must abstain from interference with state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971). Finally, the remedies Plaintiff seeks are unavailable: Release from custody is not a remedy in a § 1983 action, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); and money damages for unconstitutional imprisonment are unavailable until his conviction or sentence has been called into question—if the pending proceedings result in a conviction and sentence, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 26) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the complaint.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 23, 2017
Charleston, South Carolina